IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES WALKER, Inmate #N61281, )<br>)<br>            Plaintiff,    )<br>)<br>vs.                        )<br>                              )<br>SHELTON FREY, WILLARD O. ELYEA, )<br>ROGER  E.  WALKER,  MARVIN )<br>POWERS, and TERRY CALIPER,    )<br>                              )<br>            Defendants.   ) | CIVIL NO. 05-824-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

    This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and

any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

**FACTUAL ALLEGATIONS**

Plaintiff states that in November 2004, he began to suffer from debilitating pain and swelling in his knees, wrists, hands, elbows, shoulders, back, and feet. He submitted sick call request slips on November 21, 23, and 25. On December 3, Plaintiff saw Dr. Chabala (not a defendant), who prescribed Motrin. On December 5, 6, 7, 8, 9, and 10, Plaintiff wrote Defendant Caliper (Tamms Health Care Unit Administrator) complaining that the Motrin he had been prescribed was ineffective and he continued to suffer from excruciating pain. On December 16, 2004, Plaintiff was removed from his cell by the tactical team and taken to the Health Care Unit by gurney because he could not stand or walk. After he had been secured in a cell in the HCU, Defendant Caliper "began beating the cell window and yelling in a threatening tone, 'Get up Mr. Walker, the tact team has better things to do than deal with your stupid aches and pains.'"

On December 19, 2004, Dr. Chabala again prescribed motrin, despite Plaintiff's protestations that it was ineffective and caused him stomach cramps. On Dember 30, 2004, Nurse George (not a defendant) saw Plaintiff's severe discomfort and swollen limbs and removed him from his cell for further examination. At some point thereafter (Plaintiff does not specify a date) Defendant Powers diagnosed Plaintiff with an unnamed "serious and chronic condition." Defendant Powers prescribed Naproxen for the pain and swelling. In March 2005, Plaintiff wrote to Defendant Caliper complaining that the Naproxen had been ineffective and he was still experiencing pain.

Plaintiff states that he filed a grievance directly with Governor Blagojevich, but that Defendant Elyea responded to the grievance by stating that Plaintiff will suffer from the unspecified

chronic condition for the rest of his life. Plaintiff states that despite Defendant Elyea's knowledge that Plaintiff had a chronic, yet undiagnosed, condition, he conducted no testing or consulted no specialists to determine the nature of the problem.

On March 25, 2005, Plaintiff spoke to Defendant Caliper and told her that the Naproxen was ineffective. Defendant Caliper stated that she was "tired of Plaintiff's complaining," that he had arthritis, and he would have to "deal with it." On March 29, 2005, Plaintiff spoke directly to Defendant Powers about the ineffectiveness of Naproxen, Motrin, and Tylenol in treating his arthritis, and of the stomach cramps those medications caused. Plaintiff requested another type of medication or treatment, but Defendant Powers refused, stating "no matter what Plaintiff would not receive medical care, and to allow nature to take its course." Defendant Powers gave similar responses to Plaintiff's requests for treatment on April 6, 19, and 26, and on May 3, 10, 17, and 24.

On June 2, 2005, Defendant Powers again prescribed Motrin, despite his knowledge that it was ineffective in alleviating Plaintiff's pain and that it caused stomach cramps. Plaintiff states that as of July 20, 2005, all medications for the arthritis had been discontinued even though he continued to suffer pain. He states that his medical condition had "severely worsened," due to the ineffective medications and later to the denial of any medications at all. Plaintiff states that his joints are swollen and he is unable to walk, shower, shave, brush his teeth, exercise, put on his clothing, and use the bathroom. In addition, he has lost "an excessive amount" of weight and muscle. In addition, he suffers from "mental anguish," which includes stress, dizziness, heart palpitations, chronic fatigue, chest pain, nausea, frequent headaches, loss of appetite, stomach problems, skin eruptions and rashes, anxiety, depression, and prolonged grief, all due to Defendants' deliberate indifference to his serious medical needs.

### LEGAL STANDARDS

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit has specifically found arthritis to qualify as a serious medical need. *See Norfleet v. Webster*, 439 F.3d 392, 395 (7th

Cir. 2006).

Based on these standards, the claim of deliberate indifference to Plaintiff's serious medical needs cannot be dismissed at this point in the litigation.

### DEFENDANTS

However, a word about Defendants is in order. Although Plaintiff names five defendants in the caption, in his narrative of factual allegations, Plaintiff describes the deliberate indifference of only Defendants Caliper and Powers. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff does state that Defendant Elyea was made aware of the denial of treatment though the grievance procedure at Tamms, but he did nothing about it. These statements do not sufficiently show Defendant Elyea was personally responsible for the deprivation, as required in this Circuit. *See Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

### SUMMARY AND CONCLUSION

Plaintiff is allowed to proceed on his Eighth Amendment deliberate indifference claim against Defendants Caliper and Powers. Defendants Frey, Elyea, and Walker are **DISMISSED** as defendants from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants *Caliper and Powers*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants *Caliper and Powers* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of

service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  July 19, 2006**

/s/    David    RHerndon
**DISTRICT JUDGE**
