**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JAMES WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.   05-824-DRH-PMF |
| | ) | |
| MARVIN POWERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court are plaintiff's motions for default judgment, to strike affirmative defenses, and for a preliminary injunction (Doc. Nos. 17, 22, 23).  In this § 1983 action, plaintiff challenges the conditions of his confinement at Tamms Correctional Center.  He claims that defendants Powers and Caliper were deliberately indifferent to his serious medical needs.

**I.    Motion for Default Judgment**

Plaintiff argues that defendants Powers and Caliper were served on August 2, 2006, and failed to file a responsive pleading.  Plaintiff's request for entry of default has been denied and answers are now on file (Doc. Nos. 15, 20, 21).  Plaintiff is not entitled to default judgment at this time.  Fed. R. Civ. P. 55.

**II.   Motion to Strike Affirmative Defense**s

Plaintiff moves to strike the two affirmative defenses pleaded by defendant Powers. Defendant Powers asserts qualified immunity and failure to exhaust administrative remedies as

affirmative defenses to plaintiff's § 1983 claim (Doc. No. 15).  Plaintiff argues that these defenses should be stricken as patently defective.

The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  Motions to strike affirmative defenses are generally disfavored and should be granted only when the affirmative defenses are insufficient on the face of the pleading.  *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir.1991).  It must appear certain that plaintiff will succeed despite any state of the facts which could be proved or inferred in support of the defense.  *Id*.

With respect to the exhaustion defense, plaintiff points to an exhibit showing that the Administrative Review Board denied a grievance challenging Dr. Powers' conduct on particular dates.  With respect to the qualified immunity defense, plaintiff refers to his allegations that he reported serious pain and injuries to Powers and his claim that Powers refused to provide reasonable medical care.  Plaintiff's arguments show that he will challenge Powers' affirmative defenses.  However, plaintiff has not shown that the affirmative defenses should be stricken as insufficient.

**III.    Motion for a Preliminary Injunction**

Plaintiff seeks an order directing the defendants to take him to an outside medical hospital or facility for testing by a specialist.  He maintains that he has no access to treatment for a painful joint condition causing loss of movement and function of his entire body.  The motion is opposed (Doc. Nos. 26, 32).

The materials on file show that plaintiff's physical condition has been evaluated by a medical doctor, who ordered diagnostic testing and reviewed test results showing osteoarthritic changes

without significant bone density changes suggestive of joint degeneration. The diagnosis is arthritis and treatment includes prescribed non-steroidal anti-inflammatory medication. Medication is available to plaintiff through December, 2006.

The materials also show that arthritis is a common medical condition that is routinely managed with medication. Plaintiff recently refused a new housing assignment, which would have eliminated his need to negotiate stairs for many out-of-cell activities.

In order to establish that he is entitled to a preliminary injunction, plaintiff must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 313-314 (7th Cir. 1994). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

The materials submitted do not show that plaintiff has some chance of success on the merits of his claim. Deliberate indifference may be inferred when a medical professional's diagnostic or treatment decisions are such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible did not base the decision on such a judgment. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). The evidence presented does not suggest that the diagnosis made and/or treatment offered amount to a substantial departure from accepted medical standards.

IT IS RECOMMENDED that plaintiff's motion for default judgment (Doc. No. 17) be DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion to strike affirmative defenses (Doc. No. 22) be DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction (Doc. No. 23) be DENIED.

**SUBMITTED:**   December 8, 2006  .

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**