# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JAMES WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.   05-824-DRH-PMF** |
| | ) | |
| **MARVIN POWERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for a temporary restraining order (Doc. No. 35).  In this § 1983 action, plaintiff challenges the conditions of his confinement at Tamms Correctional Center. He claims that defendants Powers and Caliper were deliberately indifferent to his serious medical needs.

In order to succeed on a motion for a temporary restraining order, plaintiff must demonstrate that:  (1) no adequate remedy at law exists;  (2) he will suffer irreparable harm if the injunction is not granted;  (3) the irreparable harm he will suffer outweighs the harm to the defendants if the injunction is granted;  (4) he has a reasonable likelihood of prevailing on the merits;  and (5) the injunction will not harm the public interest. *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1014-15 (7th Cir.1990).

Before this motion was filed, plaintiff sought preliminary injunctive relief.  A report submitted on December 8, 2006, recommended denial of preliminary injunctive relief, in part because plaintiff did not demonstrate a reasonable likelihood of prevailing on the merits (Doc. No.

40).  This recommendation was adopted (Doc. No. 54).

In the most recent motion, plaintiff challenges new conduct: painful handcuffing and shackling techniques.  This aspect of plaintiff's confinement is not described in the Complaint and is distinct from the claim pending before the Court, which pertains to plaintiff's medical treatment.

Pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, restraining orders are "binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise" Fed. R. Civ. P. 65(d).  Plaintiff seeks to restrain the actions of persons who are neither parties to this lawsuit nor persons otherwise subject to a restraining order.  Under these circumstances, a temporary restraining order is unwarranted.

IT IS RECOMMENDED that plaintiff's motion for a temporary restraining order (Doc. No. 35) be DENIED.

**SUBMITTED:**   March 16, 2007  .

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**